CT Corporation

**Service of Process Transmittal**
06/29/2015
CT Log Number 527383613

TO:     Barbara Hyman
        CNA Financial Corporation
        333 South Wabash
        Chicago, IL 60604

RE:     **Process Served in Texas**

FOR:    Continental Casualty Company (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ladell Harrison, On behalf of Matthew C. Allen, Jr., et al., Pltfs. vs. Continental Casualty Company, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, First Set of Requests, Final Judgment, Exhibit(s) |
| **COURT/AGENCY:** | 201st Judicial District Court Travis County, TX<br>Case # D1GN15002414 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy Benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/29/2015 postmarked on 06/24/2015 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Alberto Tover Garcia III<br>Garcia & Martinez, LLP<br>6900 N 10th Street Suite 2<br>McAllen, TX 78504<br>956-627-0455 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/30/2015, Expected Purge Date: 07/05/2015<br>Image SOP<br>Email Notification, Barbara Hyman barbara.hyman@cna.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |



Page 1 of  1 / ST

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE PAID
MCALLEN, TX
78501
JUN 24, 15
AMOUNT
$8.11
00112178-03

75201

1000

7015 0640 0000 3704 6876

Marilyn Stroud
1407 Candy Lane
Edinburg, Texas 78539

Continental Casualty Company
C/O Its Registered Agent: CT Corporation
1999 Bryan Street, Suite 900
Austin, Texas 75201-3136

# C I T A T I O N
## T H E   S T A T E   O F   T E X A S
### CAUSE NO. D-1-GN-15-002414

LADELL HARRISON, ON BEHALF OF MATTHEW C. ALLEN, JR., TEDDIE J. ALLEN, AND THE
MATTHEW AND TEDDIE ALLEN CHARITABLE REMAINDER ANNUITY TRUST            , Plaintiff
    vs.
CONTINENTAL CASUALTY COMPANY

                                                        , Defendant

TO:   CONTINENTAL CASUALTY COMPANY
      BY SERVING THROUGH ITS REGISTERED AGENT
      CT CORPORATION
      1999 BRYAN STREET SUITE 900
      DALLAS, TEXAS 75201-3136

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>JUNE 19, 2015</u> in the <u>201ST JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>June 23, 2015</u>.

REQUESTED BY:
ALBERTO TOVER GARCIA III
GARCIA & MARTINEZ, LLP
6900 N 10TH STREET SUITE 2
MCALLEN, TX 78504
BUSINESS PHONE: (956) 627-0455   FAX: (956) 627-0487

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: WINKLER PATRICIA

-- - -- - -- - -- - -- - -- - **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____, at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ___M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-15-002414

☐  Original        ☐  Service Copy

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

SERVICE FEE NOT PAID                    P01 - 000031009

1380

Served        SCH #

6-24-15

Date        Time

6/19/2015 11:54:36 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-15-002414

CAUSE NO. D-1-GN-15-002414

| | | |
|---|---|---|
| LADELL HARRISON, ON BEHALF OF | § | IN THE DISTRICT COURT |
| MATTHEW C. ALLEN, JR., TEDDIE J. | § | |
| ALLEN, AND THE MATTHEW AND | § | |
| TEDDIE ALLEN CHARITABLE | § | |
| REMAINDER ANNUITY TRUST | § | |
|     Plaintiffs | § | 201ST JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| CONTINENTAL CASUALTY COMPANY | § | |
|     Defendant | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF LADELL HARRISON, ON BEHALF OF MATTHEW C. ALLEN, JR., TEDDIE J. ALLEN, AND THE MATTHEW AND TEDDIE ALLEN CHARITABLE REMAINDER ANNUITY TRUST, and complains of Defendant Continental Casualty Company and for cause of action would show the Court as follows.

### I.

### DISCOVERY PLAN

1.   The discovery control plan applicable to this case is Level 2 because Plaintiff seeks damages in excess of $50,000 and the Court has not ordered a Level 3 discovery plan.

### II.

### PARTIES

2.   Ladell Harrison resides in Tarrant County, Texas.

3.  Ladell Harrison brings this case on behalf of Matthew C. Allen, Jr. and Teddie J. Allen as their agent by virtue of those Durable Power of Attorney authorizations executed on November 12, 2009. Matthew C. Allen, Jr. and Teddie J. Allen are individuals who reside in Memphis, Hall County, Texas.

4.  Ladell Harrison also brings this case on behalf of the Matthew and Teddie Allen Charitable Remainder Annuity Trust (the "Allen CRAT") as the agent of the Trustees of the Allen CRAT, by virtue of the Agency Agreement executed on January 1, 2009.

5.  Defendant Continental Casualty Company is a foreign insurance corporation with its principal place of business in the State of Illinois. It may be served with process by serving its attorney for service, C T Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### III.

### VENUE

6.  Venue is proper in Travis County, Texas under Section 15.002(a)(1) of Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in Travis County, Texas. The Final Judgment that gives rise to Plaintiffs' claim was rendered in Travis County, Texas.

2

## IV.

## JURISDICTION

7.    Plaintiffs seek damages under the common and statutory laws of the State of Texas and the amount in controversy exceeds the jurisdictional minimum of the Court. The Court has jurisdiction over the parties in this case because they reside in and/or conduct a substantial amount of business within the State of Texas such that this Court's exercise of personal jurisdiction over the Defendant does not offend traditional notions of fair play and substantial justice.

## V.

## FACTS

8.    On or about June 8, 2015 a Final Judgment was entered in Cause No. D-1-GN-15-000918, 53rd District Court, Travis County, Texas, in favor of Plaintiffs and against W. Neil Gallagher and Gallagher Financial Group, Inc. *A true and correct copy of the Final Judgment is attached hereto as Exhibit A and incorporated herein by reference.*

9.    Defendant insured Mr. Gallagher under one or more policies of insurance, including but not limited to Policy No. 287287986, and thereby agreed to pay judgments rendered against him, such as the one described above. As judgment creditors, Plaintiffs are third-party beneficiaries of such insurance policies and file this lawsuit to enforce Defendant's contractual obligations to indemnify Mr. Gallagher for the judgment.

3

## VI.

### DAMAGES

10.   Plaintiffs seek indemnity payments from Defendant pursuant to the insurance policies that they issued to cover Mr. Gallagher for judgments such as the one described above and attached hereto.

11.   Plaintiffs also seek court costs and reasonable and necessary attorneys' fees.

12.   In order to comply with Texas Rule of Civil Procedure 47, Plaintiffs plead that they seek monetary relief in excess of $1,000,000 and no more than $5,000,000 in actual damages.

## VII.

### REQUESTS FOR DISCLOSURE

13.   Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## VIII.

### FIRST SET OF REQUESTS FOR PRODUCTION

14.   Pursuant to Texas Rule of Civil Procedure 196, Plaintiffs request that Defendant produce, within 50 days of service of this request, all documents and tangible things responsive to the First Set of Requests for Production attached hereto and incorporated herein by reference.

4

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final trial, the Court enter judgment in favor of Plaintiffs against Defendant as follows:

a.  Judgment for actual damages in an amount determined by the trier of fact;

b.  Judgment for pre- and post judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

c.  For all reasonable and necessary attorneys' fees and costs of court incurred herein; and

d.  For such other and further relief to which Plaintiffs may be justly entitled.

Plaintiffs hereby request a trial by jury.

Respectfully submitted,

**GARCIA & MARTINEZ, L.L.P.**
6900 N. 10th Street, Suite 2
McAllen, Texas 78504
Phone No. (956) 627-0455
Fax No. (956) 627-0487

/s/ Alberto T. Garcia III
**ALBERTO T. GARCIA III**
State Bar No. 00787515
albert@garmtzlaw.com
**ADRIAN R. MARTINEZ**
State Bar No. 13137600
adrian@garmtzlaw.com

**ATTORNEYS FOR PLAINTIFFS**

5

## PLAINTIFFS' FIRST SET OF
## REQUESTS FOR PRODUCTION

COME NOW PLAINTIFFS in the above-styled and numbered cause, and propounds the following First Set of Requests for Production to the Defendant named in Plaintiffs' Original Petition under the provisions of Rule 196 of the Texas Rules Civil Procedure. Plaintiffs require that answers and responses to the same be filed not later than fifty (50) days after the date of service hereof. Demand is made for supplementation of your answers to these Requests for Production as may be required by the Texas Rules of Civil Procedure.

### A. Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.  "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any

type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

2.  "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

3.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

4.  "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

5.  "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

6.  "Communication" means any oral or written communication of which you have knowledge, information, or belief.

7.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

8.  "Describe" or "identify", when referring to a person, means you must state the following:

  a.  The full name.

  b.  The present or last known residential address.

  c.  The present or last known residential and office telephone numbers.

  d.  The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

  e.  In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9.  "Describe" or "identify," when referring to a document, means you must state the following:

  a.  The nature (e.g., letter, handwritten note) of the document.

  b.  The title or heading that appears on the document.

  c.  The date of the document and the date of each addendum, supplement, or other addition or change.

  d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

e.   The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10.   The word "and" means "and/or".

11.   The word "or" means "or/and".

## REQUESTS FOR PRODUCTION

1.   Each liability insurance policy issued by Defendant to William Neil Gallagher ("Gallagher") from 2008 to the present.

2.   Checks from Gallagher paying for premiums on the liability policies issued by Defendant to Gallagher.

3.   Claims made, or petitions/complaints on each lawsuit filed, against Gallagher that was submitted to Defendant for coverage under a liability policy.

4.   Claims made, or petitions/complaints on each lawsuit filed, against Gallagher for which Defendant provided coverage for Gallagher.

5.   Claims made, or petitions/complaints on each lawsuit filed, against Gallagher for which Defendant did not provide coverage for Gallagher.

6.   All written notices, in whatever form, provided to Defendant with respect to each claim made or lawsuit filed against Gallagher that was submitted to Defendant for coverage under a liability policy.

7.   All written notices, in whatever form, provided to Defendant with respect to any claim made or lawsuit filed against Gallagher by any Plaintiff named herein that was submitted to Defendant for coverage under a liability policy.

8.   Defendant's file for each claim made or lawsuit filed against Gallagher that was submitted to Defendant for coverage under a liability policy.

9.   Defendant's file for each claim made or lawsuit filed against Gallagher by any Plaintiff named herein.

10.   Correspondence between Gallagher and Defendant (or any insurance agent or producer involved in the sale or issuance of any of Defendant's insurance policy to Gallagher) regarding each claim made or lawsuit filed against Gallagher that was submitted to Defendant for coverage under a liability policy.

11.      Correspondence between Gallagher and Defendant (or any insurance agent or producer involved in the sale or issuance of any of Defendant's insurance policy to Gallagher) regarding each claim made or lawsuit filed against Gallagher by any Plaintiff named herein.

12.      Settlement agreements regarding each claim made or lawsuit filed against Gallagher that was submitted to Defendant for coverage under a liability policy.

13.      Judgments regarding each claim made or lawsuit filed against Gallagher that was submitted to Defendant for coverage under a liability policy.

Filed In The District Court
of Travis County, Texas

JUN -8 2015

At _____ 8:00 _P.M.
Velva L. Price, District Clerk

## CAUSE NO. D-1-GN-15-000918

| | | |
|---|---|---|
| LADELL HARRISON, ON BEHALF OF MATTHEW C. ALLEN, JR., TEDDIE J. ALLEN, AND THE MATTHEW AND TEDDIE ALLEN CHARITABLE REMAINDER ANNUITY TRUST<br>      Claimants | § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § § | 53RD JUDICIAL DISTRICT |
| W. NEIL GALLAGHER, GALLAGHER FINANCIAL GROUP, INC., WILLIAM NEIL GALLAGHER, Ph.D. AGENCY, INC., AND STEVE FEEKEN<br>      Respondents | § § § § § | TRAVIS COUNTY, TEXAS |

### FINAL JUDGMENT

On February 13, 2015, a three-person arbitration panel consisting of Pat Boone, F. Witcher McCullough III and Tom Collins rendered a unanimous arbitration award in a dispute between the parties identified above. *A true and correct copy of the arbitration award, as redacted ~~by stipulation of the parties and approved~~ by the Court, is attached hereto as Exhibit A and incorporated herein by reference.* The Claimants filed an application with this Court requesting that the arbitration award be confirmed and that judgment be entered consistent with the arbitration award. The Respondents filed a motion/application requesting that the arbitration award be vacated, modified and/or corrected. On May 28, 2015 this Court held an evidentiary hearing to consider both motions and/or applications.

Having considered the parties' applications and/or motions, the evidence and argument presented to the Court and having taken judicial notice of the Court's file, the Court hereby RENDERS judgment for Claimants as specified below:

1.    Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. are jointly and severally liable for, and shall pay to, Claimant The Matthew

and Teddie Allen Charitable Remainder Annuity Trust the amount of $984,101.29 in actual damages;

2.    Respondent W. Neil Gallagher, individually, is liable for and shall pay to Claimants collectively the amount of $500,000.00 in exemplary damages.

3.    Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. are jointly and severally liable for, and shall pay to, Claimants collectively the amount of $54,862.50 in attorneys' fees;

4.    The amounts set forth in paragraphs 1-3 above shall accrue post-judgment interest at the annual rate of 5% from February 13, 2015 until the date this judgment is satisfied;

5.    If the amounts set forth in paragraphs 1-4 above are paid in full on or before the ___90TH___ day after this Final Judgment is signed, then Claimant The Matthew and Teddie Allen Charitable Remainder Annuity Trust shall thereafter pay over to Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. jointly, within ten (10) days of its receipt, all amounts paid to such Claimant from the Receivership proceeding for Retirement Value, L.L.C. until such time as the Receiver has paid such Claimant 100% of its initial $1,100,000 investment in Retirement Value, LLC. However, once the Receiver has paid to such Claimant an aggregate of $1,100,000 from the Receivership, any amount thereafter paid by the Receiver in excess of the aggregate $1,100,000 may be retained by such Claimant and it is not required to be paid to Respondents W. Neil Gallagher or Gallagher Financial Group, Inc.;

6.   Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. are also jointly and severally liable for, and shall pay to, Claimants collectively the amount of $12,450.00 in arbitration fees and expenses;

7.   Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. are also jointly and severally liable for, and shall pay to, Claimants collectively the amount of $14,010.38 in fees and expenses of the members of the arbitration panel members;

8.   Claimants shall take nothing from Respondent Steve Feeken and Claimants' claims against him are dismissed.

9.   Claimants shall take nothing from Respondent William Neil Gallagher, PhD Agency, Inc. and Claimants' claims against it are dismissed.

This judgment is final, disposes of all claims and all parties, and is appealable.

The Court orders execution to issue for this judgment.

SIGNED JUNE 8, 2015.

HONORABLE TIM SULAK
JUDGE PRESIDING

3

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

LADELL HARRISON, ON BEHALF OF
MATTHEW C. ALLEN, JR., TEDDIE
J. ALLEN, AND THE MATTHEW AND
TEDDIE ALLEN CHARITABLE
REMAINDER ANNUITY TRUST,

CLAIMANTS,

vs.

W. NEIL GALLAGHER, GALLAGHER
FINANCIAL GROUP, INC., WILLIAM
NEIL GALLAGHER, Ph.D. AGENCY,
INC., and STEVE DOUGLAS FEEKEN

RESPONDENTS.

- Austin, Texas

CASE NUMBER: 70 512 Y 00835 13

CASE MANAGER: Andrew Barton

### AWARD OF ARBITRATORS



#### Preamble

A reasoned Award is not required by the parties' arbitration agreement.
Respondents have requested a reasoned Award. This matter is extremely unique given a
highly relevant and pending receivership proceeding that requires careful fashioning of



an appropriate remedy. Therefore, the Panel in its discretion enters a reasoned Award in order to generally explain the basis for the Award. This discussion does not constitute formal findings of fact and conclusions of law of all the technical elements of the claims and defenses as would be required if the arbitration agreement required formal Findings of Fact and Conclusions of Law.

Claimant Ladell Harrison is the Substitute Trustee of the Matthew and Teddie J. Allen Charitable Remainder Annuity Trust established July 17, 2002 (hereafter "the CRAT"). He sues on behalf of the CRAT based on that capacity. Harrison also has Durable Powers of Attorney from each of Matthew and Teddie Allen dated November 12, 2009, which authorizes him to sue and recover on any claims that the Allens may have. Harrison therefore has standing to assert the claims made the subject of this proceeding.

In correspondence with Claimants, Respondents interchangeably used the entity names of "The Gallagher Group" and "Gallagher Financial Group." In the Information Form filled out by Gallagher to serve as Retirement Value's agent, the entity was referred to as "Gallagher Financial Group, Inc.," but the License Agreement lists the Licensee as "W. Neil Gallagher." Gallagher thus was not uniform and precise with regard to himself individually and his entity through various names in connection with his dealings with Retirement Value and Claimants. Since Gallagher treated all the above as one, this Award does as well as "Gallagher."

## I.   History of Investment, Current Status and Receivership

The Allens are an elderly couple. Mr. Allen inherited in the 1970's a substantial amount of stock in a bank holding company. In 2002, the Allens sold the bank stock to fund and establish the CRAT as a basis for funding their retirement, with monies remaining in the trust at their death to go to 12 charities. Initially, the CRAT invested $1,946,869 to purchase a Gift Annuity with National Heritage Foundation, Inc. ("NHF"). In 2009 NHF filed for Chapter 11 bankruptcy. The CRAT received a total of $1,781,097 from the bankruptcy. It was a bad investment experience for Claimants. As a result, they were determined to insure any future investment did not place their principal at risk.

Following the bankruptcy, Claimants now were looking to again invest the CRAT monies in an investment vehicle(s) for their retirement. In the Fall of 2009, they met Neil Gallagher, who handled investments especially related to retirement. Gallagher had signed a License Agreement a few months earlier with Retirement Value, LLC, allowing Gallagher to place clients with Retirement Value. The special investment vehicle used by Retirement Value was to acquire re-sale life insurance policies, and then to market the policies to investors such as Claimants, who would purchase pro rata interests in policies and be paid a pro rata share of the death benefit as the insureds on the life insurance policies died.

The parties had multiple discussions, written and oral. Harrison told Gallagher about the prior bad experience with NHF and the desire for a "secure investment." The

2

parties met on November 18, 2009, at Gallagher's office during which Claimants made clear they wanted to be able to sell their investment back to Gallagher for any reason at any time, to which Gallagher said that could be done and presented them with a document he went off and drafted that said:

"Dear Investor, We, The Gallagher Group, confirm that there is a purchase back program of unwanted policies from Re-Sale Life Insurance Policies for the full amount of the deposit. No interest will be paid on the policies bought back that have not already matured."

This document forms the basis for Claimants' primary claims, which are discussed in Part II. below.

As a result of Gallagher's buy back representation, the CRAT in late November/early December, 2009, entered into a Policy Participation Agreement with Retirement Value and invested $1,100,000.00 in the life insurance policy program. Gallagher's agency, Respondent Gallagher Financial Group, Inc., immediately received from Retirement Value on December 10, 2009, a commission of $143,000.00. Respondent Feeken, who worked for Gallagher at his agency and also was a Licensee of Retirement Value, also received on December 10 a commission of $33,000.00 directly from Retirement Value.

Only six months later, in May, 2010, the State of Texas through the Texas Securities Board filed suit against Retirement Value to place it in receivership and obtain agreed injunctive relief. Upon receiving notice of these events, in June, 2010, Claimants through Harrison requested in writing that Respondent The Gallagher Group buy back their $1,100,000 investment pursuant to Gallagher's representation that there was a "purchase back program of unwanted policies from Re-Sale Life Insurance Policies for the full amount of the deposit." Gallagher ignored and did not respond to Harrison's letter request, and did not buy back the principal amount of the investment.

The Retirement Value receivership remains pending and is projected by the receiver to remain so for another 20 years. The receiver is holding all the Retirement Value insurance policies, and as the policies mature (in other words, as the insured on a life policy dies), the receiver receives the life insurance proceeds, pays the premiums on policies still in force, and as available makes and intends to continue to make interim, pro rata distributions to the investors including Claimants. Claimants thus far have received two distributions on their investment in the total amount of $115,898.29. The receiver projects that the total amount to be paid investors likely will be between 84.9% and 131% of their investment over the life of the receivership estate.

## II. The Buy Back Representation

The live testimony of Claimants Harrison and Matthew Allen and of Allen's daughter Sandra Allen Harrison as to the events and understanding of Gallagher's one sentence "buy back" representation was credible. The testimony of Gallagher regarding

3

same was not. Claimants in the November 18, 2009, meeting asked Gallagher for a guarantee that if for any reason they wanted their money back, that that would happen. In response, Gallagher stated that he "had no problem with that," left the meeting room briefly, and returned with the buy back letter and language quoted above in Part I, which he showed them and then later e-mailed (by Respondent Feeken) to Harrison.

Gallagher purposefully wrote his buy back letter to create the impression with Claimants as of the November 18 meeting that he through The Gallagher Group or the seller of the investment, Retirement Value, had a buy back program to buy back the investment without interest upon Claimants' request. Gallagher did not have any such program. Retirement Value had no such program as well, and in fact required Gallagher in the License Agreement "to communicate clearly and directly to Licensee's client-participants that Retirement Value provides no 'buy back' provision." In addition, the investment agreement signed with Retirement Value made it clear that Retirement Value itself did not have a "buy back" guarantee. Thus, ultimately the "buy back" language Gallagher crafted for Claimants appeared to be a representation that his company would buy the investment back, without interest.

Gallagher's current explanation that he merely was confirming that there was a secondary market for the resale of purchased life settlement policies is not credible and is belied by the very language he used, which said nothing about a secondary market. Gallagher also did not orally make any statements to Claimants that his "buy back program" language referred to some secondary market. Gallagher also never gave such a "buy back" letter to any other Retirement Value investor-client of his, although the letter he crafted on-the-spot during the November 18 letter was addressed to "Dear Investor," suggesting this letter was a routine letter given to investors and not a one-of-a-kind commitment only to Claimants.

Also, stating that there is a "program" is quite different and much stronger than stating that there is a secondary market. The language "We (The Gallagher Group) confirm that there is a purchase back program" was reasonably understood by Claimants to mean that The Gallagher Group had such an actual, in-place program. Further, when Gallagher then stated that "[N]o interest will be paid on the policies bought back that have not already matured," it reasonably reinforced the belief that this was a condition of Gallagher's and his company's buy back program. Why and how could Gallagher state that no interest would be paid if he was referring to some third-party, secondary-market, potential future purchaser of Claimant's investment that Gallagher did not control?

Gallagher in his testimony said he was referring to Life Settlement Exchange (referred to by him as "LSX"), that he stated was in the business of buying policies such as those in question here. But this appears to the Panel to have been an effort by Gallagher to develop an after-the-fact explanation of what he was referring to in his letter. Of course, he never mentioned LSX to Claimants. And in his Declaration under oath filed in this matter on July 8, 2014, addressing his "buy back" letter, he did not mention LSX at all. Gallagher's testimony as to all this simply is not credible.

4

Claimants reasonably relied on Gallagher's representation, and it was material to their decision to invest with Gallagher in Retirement Value given their prior bad investment experience. Gallagher's representation of a buy back program was false, and was made to induce Claimants to invest. Gallagher knew it was false, and he and his company are liable to Claimants for fraudulent misrepresentation ████████████

There is insufficient evidence to establish any liability on the part of Respondent Steve Feeken.

There is no evidence that Respondent William Neil Gallagher, PhD. Agency, Inc., which Gallagher testified is an insurance agency, participated or had any role in the matters in dispute.

### III. Damages

Respondents W. Neil Gallagher and Gallagher Financial Group, Inc. (the "Gallagher Respondents") are jointly and severally liable to The Matthew and Teddie Allen Charitable Remainder Annuity Trust for $984,101.29 (the difference between the CRAT's $1,100,000.00 investment and the $115,898.29 received by the CRAT to date from the Retirement Value receiver).

Based on Respondent W. Neil Gallagher's fraudulent conduct, exemplary damages are warranted. Respondent W. Neil Gallagher is liable to Claimants for the amount of $500,000.00 in exemplary damages.

The arbitration agreement states that "[T]he prevailing party shall be entitled to recover all reasonable and necessary attorney's fees and costs from the non-prevailing party." Respondents W. Neil Gallagher and Gallagher Financial Group, Inc., thus are jointly and severally liable to Claimants for attorney's fees to date of $54,862.50.

The aforesaid amounts shall accrue interest at 5% per annum from the date of this Award until paid in full.

If the Gallagher Respondents pay in full this Award, including the actual damages, punitive damages, interest, attorney's fees and costs as set forth below, then the Gallagher Respondents are entitled to a credit/offset to the extent the Retirement Value receiver makes additional future distributions to the CRAT on its $1,100,000.00 investment. Therefore, if the Gallagher Respondents pay this Award in full, then the CRAT is directed to thereafter pay over to the Gallagher Respondents within ten (10) days of receipt any future payment received by the CRAT from the Retirement Value receiver until the receiver has paid the CRAT 100% of the CRAT's $1,100.000.00 investment amount. The CRAT is entitled to retain and shall not pay over to the Gallagher Respondents any payments that the Retirement Value receiver might hereafter make to the CRAT that are in excess of the CRAT's 100% $1,100,000.00 investment.

5

To the extent the Gallagher Respondents do not pay this Award in full, any possible later "double recovery" by the CRAT from the Retirement Value receiver and the Gallagher Respondents is determined by the Panel to be warranted given that all the equities in this case favor Claimants and not Respondents.

## Conclusion:

The Arbitrators hereby AWARD as follows:

1. RESPONDENTS W. NEIL GALLAGHER and GALLAGHER FINANCIAL GROUP, INC. (the "GALLAGHER RESPONDENTS") shall pay to CLAIMANT THE MATTHEW AND TEDDIE ALLEN CHARITABLE REMAINDER ANNUITY TRUST ("the CRAT") the sum of NINE HUNDRED EIGHTY-FOUR THOUSAND ONE HUNDRED ONE DOLLARS AND TWENTY-NINE CENTS ($984,101.29).

2. RESPONDENT W. NEIL GALLAGHER shall pay to CLAIMANTS exemplary damages in the sum of $500,000.00.

3. The GALLAGHER RESPONDENTS shall pay to CLAIMANTS the sum of $54,862.50 for attorney's fees incurred in this arbitration.

4. The aforesaid amounts shall accrue interest at 5% per annum from the date of this Award until paid in full.

5. If the Gallagher Respondents pay this Award in full as set forth herein, then the CRAT is directed to thereafter pay over to the Gallagher Respondents within ten (10) days of receipt any future payment received by the CRAT from the Retirement Value receiver until the receiver has paid the CRAT 100% of the CRAT's $1,100.000.00 investment amount.  The CRAT is entitled to retain and shall not pay over to the Gallagher Respondents any payments that the Retirement Value receiver might hereafter make to the CRAT that are in excess of the CRAT's 100% $1,100,000.00 investment.

6. The administrative fees and expenses of the American Arbitration Association totaling $12,450.00 shall be borne entirely by the Gallagher Respondents. Therefore, the Gallagher Respondents shall pay to Claimants the sum of $12,450.00 to reimburse Claimants for administrative fees and expenses previously advanced by Claimants to the AAA.

7. The compensation and expenses of the Arbitrators totaling $28,020.75 shall be borne entirely by the Gallagher Respondents.  Therefore, the Gallagher Respondents shall pay to Claimants the sum of $14,010.38 to reimburse Claimants for their share of arbitrator compensation and expenses previously advanced to the AAA.

6

This AWARD is in full settlement of all claims submitted in this arbitration. All claims for relief not expressly granted herein are hereby DENIED.

_____
Pat Boone, Panel Chair

Date: 2-13-15

_____
F. Witcher McCullough III, Panel Member

Date: Febry 13, 2015

_____
Tom Collins, Panel Member

Date: February 13, 2015

7